# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL FISK, | : | |
| Plaintiff, | : | Case No. 3:05CV145 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.    INTRODUCTION

The Equal Access to Justice Act ("EAJA") requires the Government to pay a prevailing Social Security plaintiff's attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). The parties in the instant case dispute whether the Government must pay Plaintiff Michael Fisk's attorney fees under the EAJA. (Doc. #s 19, 22).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II. PROCEDURAL BACKGROUND

Previously in this case, the Court vacated an Administrative Law Judge's ("ALJ's") non-disability decision and, invoking sentence four of 42 U.S.C. §405(g), remanded the case to the Social Security Administration for further proceedings. (Doc. #s 9, 12). Following the Commissioner's appeal, the United States Court of Appeals for the Sixth Circuit reversed in part, affirmed in part, and remanded to the Social Security Administration for further proceedings. (Doc. #18). Plaintiff thereafter filed his presently pending Motion seeking an award of attorney fees under the EAJA totaling $8,096.28 for work done in this case.

## III. DISCUSSION

### A. Attorney Fees under the EAJA

The Commissioner contends that Plaintiff is not entitled to EAJA fees because his position in support of the Administrative Law Judge's (ALJ's) Decision was substantially justified. Plaintiff contends that the Commissioner's support for the ALJ's decision was not substantially justified because the ALJ failed to properly weigh the opinions of his treating physician, Dr. Agarwal.

"[S]ubstantially (*i.e.*, for the most part) justified...," under the EAJA, denotes a position that is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). A reasonable person could find

the Commissioner's position substantially justified if it rested on "a reasonable basis in law and fact."  *Pierce*, 487 U.S. at 566 n.2; *see Howard*, 376 F.3d at 554.  Even if it ultimately lacked merit, if the Government's position rested on a reasonable basis in law and fact, it meets the substantial justification standard.  *See Pierce*, 487 U.S. at 566 n.2; *see also Howard*, 376 F.3d at 554.

The EAJA places the burden on the Government to demonstrate that its position was substantially justified.  *See Healey v. Leavitt*, 485 F.3d 63, 67 (2nd Cir. 2007); *see also Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007)(courts have "uniformly recognized" that this burden "must be shouldered by the Government.").[2]

**B.**     <u>Analysis</u>

The Commissioner finds substantial justification in his support of the ALJ's decision at Step 2 of the sequential evaluation process because the Court of Appeals agreed with the Commissioner's arguments at Step 2.

In its decision, the Court of Appeals found that Because the ALJ assessed Plaintiff's diabetes and coronary artery disease when determining his residual functional capacity, any error by the ALJ at Step 2 was harmless.  (Doc. #18 at 7-8).  Relying on *Maziarz v. Secrt'y. Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987), the Court of Appeals thus found it "'unnecessary to decide whether the ALJ erred in

---

[2]  *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006); *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988).

classifying to the impairments as non-severe at step 2." (Doc. #18 at 8). In light of this conclusion, the Commissioner's support for the ALJ's decision at Step 2 was reasonably based in law, *see* Doc. #10 at 11 (relying on *Maziarz*, 837 F.2d at 244), and thus substantially justified.

The Commissioner next contends that his position in support of the ALJ's decision was substantially justified even though the Court of Appeals found error in the ALJ's rationale for rejecting Dr. Agarwal's opinions. The Commissioner characterizes the ALJ's error as "primarily one of articulation, noting that the 'ALJ's decision to give greater weight to Dr. Archibald-Long's opinion was not, in and or itself, error.'" (Doc. #22 at 4)(quoting in part Court of Appeals' decision, Doc. #18 at 11).

The Commissioner's effort to minimize the ALJ's error by calling it "primarily one of articulation" does not assist him in showing substantial justification. This is so because failing to comply with the articulation – or "good-reason giving" – requirement set by the Regulations is no small matter. The pertinent Regulation states, "We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion." 20 C.F.R. §404.1527(d)(2). Speaking through a Ruling, the Commissioner has explained that a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p, 1996 WL 374188

4

at *5.  The Court of Appeals, in *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 541 (6th Cir. 2004), discussed this Regulation and Ruling and the articulation requirement, explaining:

> 'The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.' *Snell v. Apfel,* 177 F.3d 128, 134 (2nd Cir. 1999).  The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.  *See Halloran v. Barnhart,* 362 F.3d 28, 32-33 (2nd Cir. 2004).

*Wilson*, 378 F.3d at 544-45.  The Court of Appeals further observed in *Wilson*, "It is an elemental principle of administrative law that agencies are bound to follow their own regulations....  An agency's failure to follow its own regulations tends to cause unjust discrimination and deny adequate notice and consequently may result in a violation of the individual's constitutional right to due process.  Where a prescribed procedure is intended to protect the interests of a party before the agency, even though generous beyond the requirements that bind such agency, <u>that procedural must be scrupulously observed</u>." *Wilson*, 378 F.3d at 545 (emphasis added; internal punctuation omitted).

In the present case, the Commissioner's position in support of the ALJ's decision lacked a reasonable basis in law because it overlooked the significance of this mandatory procedural requirement and the ALJ's failure to comply with, let alone scrupulously observe, it.  The Court of Appeals also noted, "[the ALJ] failed to recognize that Dr. Agarwal referred Fisk to at least five specialists for a variety of conditions....  The ALJ

5

also failed to appreciate or at least acknowledge that Dr. Agarwal's opinion accounted for a year's worth of medical evidence that the earlier state physicians' reviews did not consider, such as stenosis of arteries, AR 316, 'atypical chest pain,' AR 333, a 'trace tremor,' AR 291, limited range of motion and 'probable diabetic tendonopathy,' AR 379, fatty liver and 'sclerotic changes [that] may reflect chronic cuff disease,' AR 363." (Doc. #18 at 11). The Court of Appeals also found that the ALJ failed to indicate "that he accounted for the 'nature and extent' of Dr. Agarwal's treating relationship." *Id.* In light of these problems, and given the lack of specificity in the ALJ's decision, the Court of Appeals concluded that it could not "engage in meaningful review of the 'reasons for [the] weight' that the ALJ gave to Dr. Agarwal's opinion." *Id.* (citing Soc. Sec. Ruling 96-2p, 1996 WL 374188 at *5). The Commissioner's support for the ALJ's decision did not adequately account for these critical deficiencies in the ALJ's decision, *see* Doc. #10, and consequently, the Commissioner's present contention that the ALJ's error was primarily one of articulation does not show that the Commissioner's support for the ALJ was reasonably based in law or fact. *Cf. Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge is without substantial justification.").

      The Commissioner further contends that the Court of Appeals plainly disagreed with the District Court's determination that the ALJ erred by relying on his own lay medical opinion. This disagreement demonstrates, according to the Commissioner, that

6

his position in support of the ALJ was substantially justified. This argument lacks merit because the Commissioner's premise is inaccurate. A review of the Court of Appeals' decision reveals that it did not address whether the ALJ erred by relying on his own lay medical opinion. *See* Doc. #18 at 8-13. Without his proposed premise of a plain disagreement between this Court and the Court of Appeals, the Commissioner's argument collapses and does not assist him in showing substantial justification for supporting the ALJ's decision.

The Commissioner's remaining arguments address why he believes the ALJ complied with the Regulation's articulation requirement and why the evidence supported the ALJ's decision. *See* Doc. #22 at 6-12. The Commissioner concludes, "the Court should find that the government's position, though ultimately not supported by substantial evidence, was at the very least substantially justified." *Id*. at 11-12. These contentions lack merit for two reasons: First, and again, the Commissioner's contentions attempt to minimize the significance of the ALJ's error. For the reasons stated above, this analytical approach fails to show that the Commissioner's position had a reasonable basis in law or fact. Second, the Commissioner's Memorandum in Support of the ALJ's decision failed to provide a reasonable basis in law or fact for concluding that the ALJ's error was *de minimis*. *See* Doc. #10 at 13-15. The Court of Appeals explained, contrary to the Commissioner's position, "There is, it is true, a narrow category of case in which a *'de minimis'* procedural violation may constitute harmless error, such as when 'a treating source's opinion is so patently deficient that the Commissioner could not possibly credit

7

it' or where the Commissioner 'has met the goal of ... the procedural safeguard or reasons.' *Wilson*, 378 F.3d at 547. But, this is not the 'rare case' where 'the ALJ's analysis [met] the goal of the rule even if not ... its letter.' *Nelson v. Comm'r. of Soc. Sec.*, 195 Appx. 462, 472 (6th Cir. Aug. 28, 2006)." (Doc. #18 at 12). The Court of Appeals further found that the ALJ's reasoning was "not sufficiently specific to make clear that the ALJ realized the nature and extent of Dr. Agarwal's treating relationship.... Nor was Dr. Agarwal's recommendation 'so patently deficient that the Commissioner could not possibly credit it.'" (Doc. #18 at 12)(quoting in part *Wilson*, 378 F.3d at 547)(other citation omitted). Given these problems with the ALJ's decision, the Commissioner lacked a reasonable basis in law or fact for contending that the ALJ's errors were harmless. *See* Doc. #10 at 13-15.

Accordingly, the Commissioner's position in opposition to Plaintiff's Statement of Errors was not substantially justified.[3]

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion For Attorney Fees Under Equal Access To Justice Act, 28 U.S.C. §2412(d) (Doc. #19) be GRANTED;

2. Plaintiff be granted an award of attorney fees under the EAJA in the amount of $8,096.28; and

3. The case remain terminated on the docket of this Court.

---

[3] The Commissioner does not oppose as unreasonable the amount of attorney fees requested by Plaintiff under the EAJA. (Doc. #22 at 2 n.2).

November 7, 2008

                  s/ Sharon L. Ovington
                   Sharon L. Ovington
               United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).